# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **C.S. & L.S.**

**No. 12-0742** (Clay County 11-JA-04 & 11-JA-05)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Wayne King, from the Circuit Court of Clay County which terminated his parental rights by order entered on May 23, 2012. The guardian ad litem for the children, Michael Asbury Jr., has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney William Bands, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

DHHR initiated this case in January of 2011 based on allegations that the younger child's mother and boyfriend kept an unclean and unsanitary home and exposed the child to drug use. The older child had been residing with her biological mother before and throughout this case. Petitioner Father is the biological father of both children and was named as a non-offending parent at the inception of this case. Throughout the proceedings, the circuit court directed Petitioner Father to participate in services, drug screens, and visitation, with which Petitioner Father only minimally complied. Although he was mostly compliant with paying child support, he was noncompliant with drug screens and maintaining contact with DHHR. After Petitioner Father's refusal to produce a urine sample after a hearing in August of 2011 and he impermissibly left the courthouse, the circuit court ordered no further contact between Petitioner Father and the children. DHHR filed an amended petition in December of 2011 to include allegations against Petitioner Father for his abandonment and neglect of the children. After a series of hearings on Petitioner Father's case, the circuit court ultimately terminated Petitioner Father's parental rights to the subject children. Petitioner Father appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

1

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Father argues three assignments of error. First, Petitioner Father argues that the circuit court erred in terminating his parental rights on the basis that he abandoned the children when the circuit court had ordered that he not have contact with the children. In response, the children's guardian ad litem and DHHR argue that Petitioner Father stopped exercising his visitation rights before this order was entered. Petitioner Father last visited with the children in July of 2011; the circuit court ordered no further contact in September of 2011. Respondents also argue that Petitioner Father made no attempts to contact his attorney or DHHR subsequent to this order and throughout the remainder of the proceedings. They assert that his only contact was with his mother by one phone call in the autumn of 2011 and, on the morning of the dispositional hearing, a single telephone call to the circuit clerk's office. Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights based on his abandonment. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that Petitioner Father would not comply with an improvement period, that there were no reasonable grounds to believe that conditions of neglect could be substantially corrected, and that termination was in the children's best interests. Pursuant to West Virginia Code § 49-6-5(b)(4), abandonment of children constitutes a ground for finding no likelihood that conditions can be substantially corrected and pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Next, Petitioner Father argues that the circuit court erred when it placed restrictions and requirements on his conduct when he was a non-offending parent in this case. Petitioner Father asserts that he frequently requested that the children be placed with him in his custody. In response, the guardian ad litem and DHHR contend that a circuit court is not prohibited from placing constraints on a non-offending parent's activities and visitations with his or her children. They argue that Petitioner Father was well aware of the circuit court's orders that all parents involved, including himself, abstain from alcohol and drugs. Nevertheless, he did not comply with this direction, and he did not fully participate in his services before or after the amended petition alleging abandonment was filed against him. Further, Petitioner Father's assertion that he requested custody of the children at every hearing is not supported by the record. Upon our review, the Court finds no error in the circuit court's directions to Petitioner Father throughout the duration of this case.

Lastly, Petitioner Father argues that the circuit court erred in denying placement of the children in his care. He reiterates his assertion that the abuse and neglect petition did not contain allegations against him as a non-offending parent. In response, the guardian ad litem and DHHR contend that there is not a statutory requirement to place children with a parent who is considered a non-offending parent. Moreover, DHHR properly filed an amended petition in December of

2011 to include Petitioner Father in the case and the case thereafter proceeded on this amended petition. Under West Virginia Code § 49-6-3, the placement of subject children with a biological parent is not required. Respondents further argue that Petitioner Father's request for custody in August of 2011 was properly denied due to his failure to take the drug screen ordered at that hearing together with his impermissible exit from the courthouse that day, and also due to his nonparticipation from the case. Upon our review of the record, the Court finds no error in the circuit court's decision to deny placement of the children with Petitioner Father.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II